UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 1:12-cr-20276-FAM-3**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

OCTAVIUS MCLENDON,

Defendant.

_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

THIS CAUSE came before the Court upon Defendant Octavius McLendon's Motion for Compassionate Release **(D.E. 373)**, filed on **August 12, 2025**. The Court has considered the motion, the response, and pertinent portions of the record. Being otherwise fully advised in the premises, it is

**ADJUDGED** that for the reasons below, the motion is **DENIED**.

## I. BACKGROUND

In 2011, the Federal Bureau of Investigation (FBI) was investigating public officials who were allegedly ignoring violations of the fire code and other public policies. In the course of the investigation, undercover FBI agents observed and recorded Mr. McLendon's participation in the transportation of 19 kilograms of cocaine. Mr. McLendon was tried and found guilty of conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. § 846, attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and using and possessing a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(a)(1)(A). This Court

sentenced him to a term of imprisonment of 248 months, followed by a five-year term of supervised release. His anticipated release date from incarceration is February 12, 2033. Mr. McLendon seeks compassionate release because the sole caregiver of his child suffered a heart attack that has left her partially handicapped.

## II. LEGAL STANDARD

Mr. McLendon moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was amended by the First Step Act to allow defendants to petition a court after first exhausting their administrative remedies with the Bureau of Prisons. Generally, once a term of imprisonment has been imposed, a court may not modify it. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, under section 3582(c)(1)(A) (titled "Modification of an imposed term of imprisonment"), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also requires a court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c). Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). "The movant bears the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

The relevant policy statement issued by the United States Sentencing Commission is found in U.S.S.G. § 1B1.13(a). It provides that a court may reduce a term of imprisonment if "(1)(A) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). Section 1B1.13 provides that "extraordinary and compelling reasons" include, among other things, the family circumstances of the defendant, which authorizes a reduction as a result of "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3).

## III. ANALYSIS

Mr. McLendon claims that he has exhausted his administrative remedies with the Bureau of Prisons in accordance with the requirements of 18 U.S.C. § 3582(c)(1)(A) because, acting pro se, he wrote a letter to the warden of his prison seeking compassionate release, and the letter has gone unanswered for over 30 days. Mr. McLendon's only evidence in support of the notion that he submitted the letter is his representation that he did so in his Motion for Compassionate Release. Regardless of the truth behind whether such a letter was submitted, Mr. McLendon's justification for seeking compassionate release is unavailing.

A defendant bears the burden of proving entitlement to relief under section 3582, *see Kannell*, 834 F. App'x at 567, and here, Mr. McLendon fails to meet his burden of demonstrating extraordinary or compelling reasons for his release. To qualify as "extraordinary and compelling," an inmate's family circumstances must involve "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3). Here, Mr. McLendon's Motion for

Compassionate Release represents only that "the sole caregiver of [his] child has suffered a debilitating heart attack that has left her partially handicapped." **(D.E. 373)**. Mr. McLendon provides no evidence in support of this claim, nor does he explain how such a familial circumstance justifies his early release from his term of imprisonment.

Finally, the Court finds that the section 18 U.S.C. § 3553(a) factors disfavor compassionate release. Mr. McLendon's culpability in connection with the transportation of 19 kilograms of cocaine is clear, and his original sentence reflects the seriousness of the offense. Additionally, Mr. McLendon's Presentence Investigation Report reflects that he has at least 26 other criminal convictions stemming from 15 arrests throughout his adult life. This history does not support the notion that Mr. McLendon's early release would promote respect for the law, nor does it offer any assurance that his early release would ensure that the public remains protected from further crimes. Accordingly, the Court finds that, to the extent the section 3553(a) factors are appliable, they disfavor Mr. McLendon's early release from his term of imprisonment.

## IV. CONCLUSION

The Court denies the Motion for Compassionate Release because the Defendant fails to show extraordinary and compelling reasons that he should be released and because the § 3553(a) factors weigh against release.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th of November 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record